UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN VINCENT BELL,<br><br>    Petitioner,<br><br>    v.<br><br>RONALD RACKLEY,<br><br>    Respondent. | No.  2:16-cv-1436-JAM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in this petition for writ of habeas corpus brought under 28 U.S.C. § 2254.  Respondent moves to dismiss the petition for failure to state a cognizable federal habeas claim.  ECF No. 10.  For the reasons that follow, the motion must be granted.

**I.  Background**

Petitioner is imprisoned consequent to a conviction for first degree residential burglary sustained in 2000, with sentencing enhancements for prior convictions.  ECF No. 11, Resp't's Notice of Lodging Documents in Paper, Lodged Document (hereinafter "Lodg. Doc.") No. 1.  On his direct appeal, the California Court of Appeal summarized the case as follows:

> Early one morning, defendants Donna LeMaire and Steven Vincent Bell drove to Roseville, where Bell took a $350 bicycle out of a garage.  The police caught them red-handed: LeMaire was in Bell's truck, with the bicycle in the back; a tracking dog followed a scent from the garage to where Bell was hiding.

1

> The jury convicted LeMaire of burglary and the court placed her on probation. The jury convicted Bell of burglary and the misdemeanor crime of resisting arrest. Two jurors refused to apply the Three Strikes law. After the court replaced those jurors, the new jury found Bell had suffered two prior felony convictions which qualified as strikes. The court sent Bell to prison for 35 years to life.

Lodg. Doc. No. 2.

In 2014, petitioner filed a "motion for recall of sentence," asking to be re-sentenced under California Penal Code §§ 1170.126 *et seq*. (the Three Strikes Reform Act of 2012). Lodg. Doc. No. 5. The Superior Court found him ineligible for re-sentencing under the Act, however, because his conviction was for residential burglary, a serious felony excluded from the Act's purview. Lodg. Doc. No. 6. His appeal of that determination was denied because he had raised issues attacking his trial and sentencing instead of the lower court's application of the Act. Lodg. Doc. No. 7. A subsequent petition for California Supreme Court review was also denied. Lodg. Doc. No. 9.

Petitioner raises the following claims in this action:

1. The trial court imposed an unauthorized sentence because it failed to establish whether or not the two prior convictions qualified as strikes under state law; and
2. The state courts erred in denying petitioner's motion for recall of sentence because they erroneously applied governing state law.

Petitioner has placed some language in the petition indicating that he asserts these claims as violations of the federal constitutional guarantees of competent counsel and due process. ECF No. 1.

**II.     The Motion to Dismiss**

Respondent argues that the petition must be dismissed because it raises no cognizable basis for federal habeas relief. Such relief may be had where an inmate is in custody in violation of the federal Constitution, laws, or treaties. 28 U.S.C. § 2254(a). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. Mcguire*, 502 U.S. 62, 67-68 (1991). Absent a showing of a constitutional violation, a state court's application of state sentencing laws – including schemes that enhance sentences based on

/////

prior convictions – cannot be challenged in a federal habeas petition. *Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993).

Here, petitioner challenges the trial court's application of the Three Strikes Law and the Superior Court's application of the Three Strikes Reform Act. While he attempts to couch these challenges in constitutional terms, he has not presented any facts supporting his bald assertion of ineffective assistance of counsel or the kind of fundamental unfairness that may indicate violation of due process. *See Richmond v. Lewis*, 506 U.S. 40, 50 (1992) (state sentencing error violates due process only where it was "so arbitrary or capricious" as to constitute a violation of due process independent of the state law error). Petitioner may not transform these alleged state-law violations into federal claims simply by placing constitutional language in his petition. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir, 1996) (state-law issues cannot be transformed into federal ones merely by asserting violation of due process); *Pontod v. Muniz*, No. 2:16-cv-0622 KJM GGH P, 2016 U.S. Dist. LEXIS 130809, at *17-18 (E.D. Cal. Sept. 23, 2016) ("No federal court has found federal challenges to the Three Strikes Reform Act to be cognizable in federal habeas") and cases cited therein.

### III.   Conclusion and Recommendation

Because the petition asserts solely errors of state law that are not cognizable under 28 U.S.C. § 2254, it is hereby RECOMMENDED that respondent's September 8, 2016 motion to dismiss (ECF No. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). In his objections petitioner may address whether a certificate of appealability should issue

in the event he files an appeal of the judgment in this case. *See* Rule 11, Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: February 9, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE